UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC McENTARFER,<br><br>Plaintiff,<br><br>v.<br><br>PRESTON FRANZEN, CRAIG CANNON, ELIZABETH SAYRE, and JAMES MASERVY,<br><br>Defendants. | Case No. 1:26-cv-00307-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Eric McEntarfer ("Plaintiff") filed an *in forma pauperis* Complaint subject to screening, as well as supporting documents. (Dkts. 3, 5, 5-1 to 5-3). The Court must review complaints filed by paupers and prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint and Affidavit, the Court issues the following Order dismissing the Complaint without leave to amend for failure to state a federal claim upon which relief can be granted.

## REVIEW OF COMPLAINT

### 1. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "[I]nsufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "[L]ack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- [F]rivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- [S]eeking monetary relief from a defendant who is immune from such relief. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A pro se litigant bringing a civil rights claim should be given an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. Dismissal without leave to amend "is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980).

**2. Discussion**

Some of the Defendants are public defenders who allegedly violated Plaintiff's civil rights by not representing him properly, refusing to acknowledge a conflict of interest and withdraw from

his criminal case, refusing to give him transcripts, and retaliating against him because he filed bar complaints against them (Dkt. 3 at 2). Plaintiff further alleges that he retained the private law firm of Williams, Maservy, Larsen in 2022, and they refused to help him or withdraw as attorneys of record from a case involving a civil domestic relations protection order violation (Dkt. 3-1 at 1). He seeks monetary damages and immediate release from jail.

A public defender does not act under color of law when representing an indigent defendant in federal criminal proceedings. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982). In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court explained that criminal defense attorneys are not considered "state actors" under § 1983 because, in their unique function, they are not acting on behalf of the state. *Id*. at 50 (relying on *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). As a result, Plaintiff cannot sue the public defender defendants under § 1983.

Similarly, privately-retained attorneys do not act under color of state law in representing their clients, and cannot be sued under §1983. *See Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) (neither appointed nor retained defense attorneys act under color of state law). It appears these attorneys represented him in a child custody case in which a civil protection order was issued.

The federal district court has no jurisdiction over child custody, divorce, support, minor guardianship, or other similar subject matter. Family law matters are within the exclusive jurisdiction of the state courts. *See Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968). Plaintiff's constitutional violation claims should be presented to the state courts in each relevant case; in addition, claims litigated there cannot be raised here. "[S]tate courts are as competent as federal courts to decide federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888,

891 (9th Cir. 1986) (citing *Allen v. McCurry,* 449 U.S. 90, 105 (1980) (stating that nothing in the legislative history to § 1983 supports the argument that a person claiming a federal right should have an unrestricted opportunity to relitigate in federal court issues already decided in state court; state courts have an obligation and the ability to uphold federal law)).

If Plaintiff believes that the public defenders or private defense attorneys caused him to be wrongfully convicted or to receive an improper sentence, he must pursue those claims in a state post-conviction matter through the level of the Idaho Supreme Court, and then in a federal habeas corpus action under 28 U.S.C. § 2254 in this Court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus.").

**ORDER**

**IT IS ORDERED** that the Complaint is DISMISSED for failure to state a federal claim upon which relief can be granted. Because amendment would be futile, leave to amend will not be granted.

DATED: August 27, 2026

Amanda K. Brailsford
U.S. District Court Judge